```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
ALFREDO MEJIA,                           :
                          Petitioner,    :   06 Civ. 12943 (DLC)
                                         :        05 CR. 363
              -v-                        :
                                         :   OPINION & ORDER
UNITED STATES OF AMERICA,                :
                          Respondent.    :
                                         :
-----------------------------------------X
```

Appearances

For Petitioner:
Alfredo Mejia, Pro se

For Respondent:
Michael J. Garcia
United States Attorney
Jessica A. Roth
Assistant United States Attorney
United States Attorney's Office for the
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

On October 19, 2006, Alfredo Mejia ("Mejia") filed a timely motion pursuant to Title 28, United States Code, Section 2255 to vacate his conviction, which was entered following a plea of guilty. For the following reasons, the petition is denied.

## Background

Mejia was part of a heroin organization distributing drugs in the Bronx and other parts of the metropolitan New York area.

He was arrested on December 16, 2004. Pursuant to a consent search, agents recovered heroin, drug packaging paraphernalia, and ammunition for a firearm from the apartment where Mejia resided and the arrest occurred. Mejia also made a post-arrest statement. CJA attorney Susan Kellman ("Kellman") was appointed as his counsel at his presentment on that day.

On April 4, 2005, an Information was filed against Mejia and two co-defendants, charging each of them with conspiring to distribute 100 grams and more of heroin between 2002 and April 2004, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). At a conference held on April 20, trial was set for August 1. Following plea discussions, the Government offered Mejia a plea agreement that permitted him to plead guilty to the charge, which carried a five year mandatory minimum term of imprisonment

Mejia sent a May 20, 2005 <u>ex parte</u> letter to the Court, asking for new counsel. He explained that they differed on defense strategy. Kellman had sent him a copy of a plea agreement, which he indicated he had not requested. The letter enclosed the cover page of the plea agreement, with the penned notation from counsel asking Mejia to read the document "<u>again</u> very carefully." (Emphasis in original.) The notations and underlinings to the agreement emphasized that the plea agreement would carry a mandatory minimum term of imprisonment of five

2

years and a maximum sentence of forty years. The document reflected the Government's agreement that it would not file a prior felony information. The notations pointed out that the alternative was a Section 841(b)(1)(A) charge carrying a mandatory minimum term of imprisonment of ten years and the filing of a prior felony offender information doubling the minimum to twenty years. The annotations reflected a guidelines range of 87 to 108 months' imprisonment if Mejia accepted the offer. The Court sealed the letter, and sent a copy to Kellman and the defendant, but not to the Government.[1]

Because of Mejia's letter, a conference was held on June 3. Kellman agreed that there had been a break-down in communication between her and Mejia, and on that day, the Court appointed Eric Sears ("Sears") as Mejia's new counsel. Mejia appeared before the Magistrate Judge on June 27 to enter a plea of guilty pursuant to the plea agreement, but Mejia decided not to enter a plea.

On July 7, Mejia was indicted in a superseding indictment with the above-described Section 841(b)(1)(B) heroin conspiracy count, and two additional counts: a Section 841(b)(1)(C) heroin possession count and a charge that he possessed ammunition on the day of his arrest, after previously having been convicted of

---

[1] The Government was notified that the letter had been received and sealed. An order of today unseals the letter.

3

a felony, in violation of Title 18, United States Code, Section 922(g)(1). The Government also filed a prior felony offender information on July 11.

At an arraignment on July 12, defense counsel asked leave to file a suppression motion even though the time for such a motion had passed on June 24. Sears explained that he had concentrated his efforts since his appointment on establishing a relationship of trust with the defendant and discussing intensively with him the decision whether to enter a plea of guilty. They had attended a "reverse proffer" with the Government. The Court granted leave and a motion to suppress was filed on July 15. The motion was supported by an affidavit from the woman with whom the defendant resided at the apartment where he was arrested. She explained that she gave consent to search the apartment because she was scared and intimidated.

On July 20, Mejia entered a plea of guilty to a one-count superseding information charging a conspiracy to distribute 1 kilogram and more of heroin, which carried a mandatory minimum term of imprisonment of ten years. The plea was entered pursuant to a plea agreement that reflected a guidelines stipulation of 70 to 87 months' imprisonment based on, inter alia, a minor role adjustment and a three level adjustment for acceptance of responsibility. In his allocution, Mejia admitted

4

that he was paid for packaging a kilogram or more of heroin in the Bronx during a five month period.

The plea agreement contained the following waiver: "It is agreed (i) that the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence at or below the Stipulated Guidelines Sentence of 120 months' imprisonment." Mejia admitted that the agreement had been translated to him and that he had discussed it with his attorney before signing it. He said that he believed that he understood the document when he signed it and that no one forced him to sign it. He acknowledged that it said that his sentence was going to be the "mandatory minimum term of imprisonment of 120 months" and that by signing the agreement he had given up his right to ask for a lesser sentence and given up the "right to appeal your sentence or litigate your sentence or ever challenge your sentence, so long as" he was not sentenced "to more than 120 months in prison."

On October 21, Mejia was sentenced to 120 months' imprisonment. At the sentencing proceeding, Mejia asked if he could get the benefit of the initial agreement that the United States Attorney's Office had offered to him. He reported that he was "very confused because of the other prisoners." The Court explained that the sentence would be proceeding on the basis of his plea of guilty. Mejia did not appeal.

5

Discussion

Mejia attacks his conviction on the grounds that Kellman failed to ensure that he accepted the first plea agreement offered by the Government; that Sears failed to obtain the Government's agreement to make that first offer to him again; that his plea was not knowing and intelligent because he did not understand that he was subject to a 10 year mandatory minimum term of imprisonment and did not waive indictment; and that the Government was vindictive when it filed additional charges against him.  None of these attacks on his conviction succeeds.

To the extent that Mejia's petition challenges his sentence, that challenge was waived by both his failure to appeal his conviction and the plea agreement that he executed, in which he gave up his right to attack a sentence of 120 months' imprisonment.  See, e.g., United States v. Monzon, 359 F.3d 110, 117 (2d Cir. 2004) (per curiam); Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001) (per curiam).  In any event, his plea allocution reflects that Mejia was fully advised of his rights, and entered a knowing and voluntary plea with the understanding that he was facing a mandatory minimum term of imprisonment of ten years.  As reflected in the transcript of July 20 and in the forms that he signed, and as explicitly found by the Court on that date, he also entered a knowing and voluntary waiver of his right to be indicted by a

grand jury of the crime for which he was charged in the superseding information to which he pleaded guilty.

Mejia's ineffective assistance claims against his two attorneys must also be denied. He does not deny that Kellman advised him to enter a plea of guilty pursuant to the Government's initial plea offer. Mejia simply complains that she did not succeed in convincing him not to listen "to inmates that know nothing about the law." This does not constitute ineffective assistance of counsel. As Mejia's letter of May 20 and its attachment reflects, Kellman clearly and emphatically advised Mejia of the risks he ran if he refused the Government's initial offer. It is a defendant's choice whether to enter a plea. Mejia has not shown that Kellman's representation of Mejia "fell below an objective standard of reasonableness." United States v. Jones, 482 F.3d 60, 76 (2d Cir. 2006), cert. denied, 127 S. Ct. 1306 (Feb. 20, 2007) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Sears also encouraged Mejia to enter a plea to that first plea offer, spent his initial weeks of representation engaged in that very endeavor, and accompanied Mejia to court to enter that plea on June 27. Mejia is simply wrong therefore to the extent he contends that Sears did not attempt to keep the initial plea offer open. It was only after Mejia decided on June 27 not to enter the plea, that the Government filed a superceding three-

7

count indictment. Thus, Mejia has also failed to identify any conduct by Sears that could constitute ineffective assistance of counsel.

As fundamentally, Mejia has failed to identify any cognizable prejudice from counsels' representation. To show prejudice, he must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 56 (1985); United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). Mejia does not contend that but for his counsels' failures in representing him that he would have proceeded to trial. Instead, his fundamental complaint is that he lost his opportunity to enter a plea to the Government's initial plea offer. He has not shown, however, that that loss can be attributed to either of his attorneys.

To the extent that Mejia contends that the Government acted vindictively in filing additional charges against him, that claim fails. So long as the Government has probable cause to believe that a defendant has committed a crime, the decision as to what charges to file rests in its discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Vindictiveness only exists where "there is a finding of actual vindictiveness, or . . . a presumption of vindictiveness that has not been rebutted by objective evidence justifying the prosecutor's action." United States v. Sanders, 211 F.3d 711, 716 (2d Cir. 2000) (citation

8

omitted). "To establish an actual vindictive motive, a defendant must prove objectively that the prosecutor's charging decision was a 'direct and unjustifiable penalty,' that resulted 'solely from the defendant's exercise of a protected legal right.'" Id. at 716-17 (quoting United States v. Goodwin, 457 U.S. 368, 384 & n.19, 380 n.11 (1982)). "To establish a presumption of prosecutorial vindictiveness, the defendant must show that 'the circumstances of a case pose a "realistic likelihood" of such vindictiveness.'" Id. at 717 (citing United States v. King, 126 F.3d 394, 397 (2d Cir. 1997)).

Mejia's petition satisfies neither of these standards. There is no suggestion here that the Government did not have probable cause to believe that Mejia committed each of the crimes with which he was charged. There is also nothing exceptional about the Government adding more charges, including more serious charges, against a defendant when it appears that the case may proceed to trial and the Government's continued investigation supports those charges. In addition, there is no showing -- beyond conclusory allegations -- demonstrating either actual or presumptive vindictiveness relating to the charging decision. Finally, to the extent that Mejia's petition can be read to claim that the additional charges were filed in order to induce a plea bargain and that such conduct is improper, his claim fails. See generally United States v. Schneider, 395 F.3d

9

78, 89 n.5 (2d Cir. 2005) (noting that Bordenkircher provides prosecutors "wide latitude" to engage in such "aggressive bargaining").

## Conclusion

The petition for a writ of habeas corpus is denied. No certificate of appealability shall issue. Petitioner has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). Moreover, any appeal from this order would not be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss the petition.

SO ORDERED:

Dated:   New York, New York
         August 21, 2007

                                        _____
                                               DENISE COTE
                                        United States District Judge

COPIES SENT TO

Jessica A. Roth                            Alfredo Mejia
Assistant United States Attorney           57206-054
One Saint Andrew's Plaza                   F.C.I. Fort Dix
New York, NY 10007                         P.O. Box 38
                                           Fort Dix, NJ 08640